# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RENÉE MARIE BUMB**<br>**UNITED STATES DISTRICT JUDGE** | MITCHELL H. COHEN COURTHOUSE<br>1 John F. Gerry Plaza, Chambers 6050<br>P.O. Box 2736<br>Camden, New Jersey 08101<br>(856) 757-5020   Fax (856) 757-5474 |

July 6, 2020

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Christopher H. O'Malley, Esquire**
Office Of The Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102

**Gabriel J. Vidoni, AUSA**
Office Of The U.S. Attorney
District Of New Jersey
Camden Federal Building U.S. Courthouse
P.O. Box 2098
401 Market Street, 4th Floor
Camden, New Jersey 08101

> Re: United States v. Nathaniel Stroud
> Criminal Action No. 15-061 (RMB)

Mr. Counsel:

Before this Court is Defendant Nathaniel Stroud's ("Defendant" or "Stroud") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 43. This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added).  As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

On June 12, 2015, the Defendant was sentenced to a term of 60 months imprisonment for two counts each of Bank Robbery, in violation of 18 U.S.C. §§2113(a)and 2, followed by a term of 3 years of supervised release.  See Dkt. at 11.  On March 15, 2019, the Defendant was found in violation of a condition of supervised release, and sentenced to a period of eleven months of incarceration, followed by a period of twenty-five (25)months of supervised release.  See Dkt. at 32.  On January 7, 2020, the Defendant was, again, found in violation of two conditions of supervised release, and sentenced to two periods of thirteen (13)months of incarceration imposed concurrently, followed by one year of supervised release.  See Dkt. at 42.

On May 26, 2020, Defendant filed a motion asking this Court for compassionate release under the FSA.  Defendant alleges that he suffers from asthma and has a generalized concern that he may contract COVID-19.  Dkt. No. 43 at 3.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory requirement that this Court may not waive.  See, e.g.,

Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).  Although the Defendant asserts that he has sought administrative review under the FSA, the records show that he sought a transfer under the recently enacted CARES Act.  That is a separate remedy than the one sought here.  Because Defendant has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time, and his motion will be denied.

CONCLUSION

Defendant Stroud's Motion for Compassionate Release is **DENIED Without Prejudice**.  An appropriate order follows.[1]

Very truly yours,

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[1] Even if this Court were to waive the statutory exhaustion requirement, this Court finds that Defendant has not set forth any compelling reasons to do so.  At most, Defendant sets forth a generalized fear of contracting COVID-19.